# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **KENNETH WAYNE RICE** | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO. _____** |
| **SETERUS INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; JP MORGAN CHASE BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** | ) |
|     **Defendants.** | ) |

## NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("Chase"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled case from the Circuit Court of Tuscaloosa County, Alabama, where it is now pending as Case Number 63-CV-2017-900409, to the United States District Court for the Northern District of Alabama, Western Division. As grounds for removal, Chase states as follows:

    1.    On or about April 3, 2017, Plaintiff Kenneth Wayne Rice ("Plaintiff") filed a Complaint in the Circuit Court of Tuscaloosa County, Alabama, in the civil action styled *Kenneth Wayne Rice v. Seterus Inc., et al.*, Civil Action No. 63-CV-2017-900409.

2. Plaintiff's Complaint asserts state law claims arising out of the servicing of his mortgage loan as well as claims for violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Equal Credit Opportunity Act ("ECOA"). *See generally* Complaint ("Compl."). Plaintiff seeks statutory damages, mental anguish damages, compensatory damages, punitive damages, and attorney's fees. *Id.*

## REMOVAL PROCEDURES

3. In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by Chase are attached hereto as **Exhibit A.**

4. Chase was served with the Summons and Complaint on April 7, 2017. This Notice of Removal, therefore, has been timely filed pursuant to 28 U.S.C. § 1446(b).

5. Jurisdiction of this action is based upon 28 U.S.C. §§ 1331, 1332, 1441, and 1446, as amended. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which a United States District Court has original jurisdiction. This Court has original jurisdiction based upon federal-question jurisdiction under 28 U.S.C. § 1331. This Court also has original jurisdiction based upon diversity jurisdiction

under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Tuscaloosa County, Alabama, where the state court action is pending. *See* 28 U.S.C. § 81(a)(5).

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court of Tuscaloosa County, Alabama.

## FEDERAL QUESTION JURISDICTION

8. This civil action presents a federal question on its face because Plaintiff is asserting claims against Chase and the other Defendants pursuant to TILA, RESPA, FCRA, FDCPA, TCPA, and ECOA, which are federal consumer protection statutes. *See generally* Compl.; *see also* 15 U.S.C. § 1601 *et seq.*, 12 U.S.C. § 2601 *et seq.*, 15 U.S.C. § 1681 *et seq.*, 15 U.S.C. § 1692 *et seq.*, 47 U.S.C. § 227 *et seq.*, 15 U.S.C. § 1691 *et seq.*, *Boone v. JPMorgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011) ("Here, removal to federal court was

proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA.").

9. Accordingly, Plaintiff's federal claims all arise under the laws of the United States and originally could have been filed in this Court.

## DIVERSITY OF CITIZENSHIP

10. In addition to federal-question jurisdiction, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332 and § 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

### Citizenship of Parties

11. Upon information and belief, Plaintiff is a resident and citizen of Tuscaloosa County, Alabama. *See* Compl., at ¶ 2.

12. Chase is a national banking association, which is a citizen "of the State[] in which [it] [is] located." 28 U.S.C. § 1348. A national banking association is "located" in "the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Chase's main office is located in Columbus, Ohio. Chase, therefore, is a citizen of the State of Ohio.

13. Upon information and belief, Seterus is a Delaware corporation with its principal place of business in North Carolina.

14. Fannie Mae is a federally-chartered corporation with its headquarters in Washington, D.C. and is deemed to be a citizen of Washington, D.C. for purposes of diversity jurisdiction. *See* 12 U.S.C. § 1717(a)(2)(B).

15. Upon information and belief, MERS is a Delaware corporation with its principal place of business in Virginia.

16. Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Plaintiff and Defendants.

Amount in Controversy

17. For a federal court to have subject-matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

18. When a plaintiff's complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Where there are such deficiencies in the complaint, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 754. To ascertain the amount in controversy, the court considers the notice of removal and all other evidence presented by a defendant which can include both documents

received from the plaintiff and a defendant's own evidence. *Id.* at 756. The Eleventh Circuit has made it clear that:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations omitted).

19.     Chase denies the allegations of Plaintiff's Complaint and denies that it is liable for any damages. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." 28 U.S.C. § 1332. Here, it is facially apparent that the amount in controversy exceeds $75,000 because Plaintiff claims that the "alleged" assignment of Note and Mortgage was "defective, void, or otherwise unenforceable" and, as such, eliminates Chase's ability to accelerate the debt and

foreclose on the subject property. *See* Compl, ¶¶ 11, 13. By questioning the validity of the Note and Mortgage and, more importantly, the authority to enforce the terms of those agreements, such as the power of sale, Plaintiff has placed the entire value of his property in question. *Ballew v. Roundpoint Mortg. Serv. Corp.*, 491 F. App'x 25 (11th Cir. 2012); *Mustafa v. Market Street Mortg. Corp.*, 840 F. Supp. 2d 1287, 1290 (M.D. Ala. 2012); *Blake v. Bank of Am., N.A.*, No. 3:11-CV-242-MEF, 2011 WL 2650849, at *3 (M.D. Ala. July 6, 2011); *Mapp v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-CV-695–WKW, 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009); *Garrett Invs., L.L.C v. SE Prop. Holdings, L.L.C,* No. 12-0500-KD-N, 2013 WL 1154316, at *3 (S.D. Ala. Mar. 19, 2013).

20.  The original amount of Plaintiff's Note was $122,700. *See* Mortgage, attached hereto as **Exhibit B**. The Note was secured by a Mortgage executed by Plaintiff on June 13, 2007. *See id.* The Mortgage was ultimately assigned to Fannie Mae. *See* Assignment of Mortgage, attached hereto as **Exhibit C.** The tax assessed value of the property is $91,600.00. *See* Notice of Ad Valorem Taxes, attached hereto as **Exhibit D**.[1] Therefore, based on the market value of the property, the amount in controversy far exceeds $75,000.[2]

---

[1] The Mortgage, Assignment of Mortgage, and the Notice of Ad Valorem Taxes are public records, so the Court may take judicial notice of these documents. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

[2] Upon information and belief, the current principal balance due under the Note (excluding past due interest, fees and advances) also exceeds $75,000.

21.     In addition to alleging "financial injury" arising out of the servicing of his loan, Plaintiff also seeks uncapped damages for emotional distress. *See, e.g.* Compl., ¶ 64 (alleging that Plaintiff was "held up to public ridicule or shame, humiliated, and made to suffer physically and mentally, and endure anguish"). Courts in the Eleventh Circuit consider a plaintiff's claims for mental anguish or emotional distress in determining the amount in controversy. *See Butler v. Charter Commc'ns, Inc.*, 755 F. Supp. 2d 1192, 1196 (M.D. Ala. 2010) ("[T]he specific facts alleged by Defendants, and supported by the attachments to the Notice of Removal and opposition to remand, along with requests for additional damages for emotional distress and punitive damages, specifically establish the amount in controversy exceeds $75,000.00, exclusive of interests and costs."). Accordingly, Plaintiff's demand for mental anguish damages, combined with the value of the subject property, clearly satisfies the amount-in-controversy requirement.

22.     Moreover, in addition to compensatory damages, which independently rise above the jurisdictional threshold for the reasons set forth above, Plaintiff seeks punitive damages. Plaintiff's demand for punitive damages is, of course, included in the determination of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy.).

23. Consequently, based upon consideration of the foregoing, Defendants have clearly demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

24. Because this Notice of Removal was filed within thirty days of service of the Complaint upon Chase, it is timely under 28 U.S.C. § 1446(b).

25. Chase has sought no similar relief with respect to this matter.

26. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

27. Seterus, Fannie Mae, and MERS all consent to the removal of this action. *See* **Exhibit E.**

28. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Clerk for the Circuit Court of Tuscaloosa County, Alabama.

29. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, Western Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Western Division.

## CONCLUSION

For the reasons set forth above, Chase respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

DATED: May 5, 2017

                                        Respectfully submitted by,

                                        */s/ Mark D. Foley, Jr.*
                                        John David Collins
                                        Mark D. Foley, Jr.

                                        *Attorneys for JPMorgan Chase Bank, N.A*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017 a copy of the foregoing has been served on the following counsel for by using the CM/ECF system and/or U.S. Mail, postage prepaid and properly addressed:

Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205

Seterus Inc.
c/o CT Corporation
2 N. Jackson St., Suite 605
Montgomery, AL 36104

Federal National Mortgage Association
3900 Wisconsin Avenue NW
Washington, D.C., 20016

Mortgage Electronic Registration Systems, Inc.
c/o CT Corporation
2 N. Jackson St., Suite 605
Montgomery, AL 36104

*/s/ Mark D. Foley, Jr.*
**OF COUNSEL**