FILED
2017 May-05  PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

**ALABAMA SJIS CASE DETAIL**

PREPARED FOR: JOHN BOLUS


alacourt.com

County: **63**    Case Number: **CV-2017-900409.00**    Court Action:

Style: **KENNETH WAYNE RICE V. SETERUS INC. ET AL**

Real Time

## Case

### Case Information

| | | | | | | |
|---|---|---|---|---|---|---|
| County: | **63-TUSCALOOSA** | Case Number: | **CV-2017-900409.00** | | Judge: | **JHR:JAMES H. ROBERTS JR.** |
| Style: | **KENNETH WAYNE RICE V. SETERUS INC. ET AL** | | | | | |
| Filed: | **04/03/2017** | Case Status: | **ACTIVE** | | Case Type: | **NEGLIGENCE-GENERAL** |
| Trial Type: | **JURY** | Track: | | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **4** | | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | |
| Date Trial Began but No Verdict (TBNV2): | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: **04/03/2017** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - RICE KENNETH WAYNE

#### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **RICE KENNETH WAYNE** | | Type: | **I-INDIVIDUAL** |
| Index: | **D SETERUS INC.** | Alt Name: | | Hardship: **No** | JID: | **JHR** |
| Address 1: | **3813 EAST 2ND AVENUE** | | | Phone: | **(205) 000-0000** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Address 2: | | | | | | | |
| City: | **TUSCALOOSA** | State: | **AL** | Zip: | **35405-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **M** | Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LAY002 | | LAY KENNETH JAMES | KENNETH.J.LAY@GMAIL.COM | (205) 323-4123 |

## Party 2 - Defendant BUSINESS - SETERUS INC.

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **SETERUS INC.** | | | Type: | **B-BUSINESS** |
| Index: | **C RICE KENNETH** | Alt Name: | | Hardship: | **No** | JID: | **JHR** |
| Address 1: | **C/O CT CORPORATION** | | | Phone: | **(205) 000-0000** | | |
| Address 2: | **2 N. JACKSON ST. STE. 605** | | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | **04/03/2017** Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | **04/07/2017** Service Type | **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - FEDERAL NATIONAL MORTGAGE ASSOCIATION

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D002-Defendant** | Name: | **FEDERAL NATIONAL MORTGAGE ASSOCIATION** | Type: | **B-BUSINESS** |
| Index: | **C RICE KENNETH** | Alt Name: | | Hardship: **No** | JID: **JHR** |
| Address 1: | **C/O TIMOTHY MAYOPOULOS** | | Phone: | **(205) 000-0000** | |
| Address 2: | **3900 WISCONSIN AVE NW** | | | | |
| City: | **WASHINGTON** | State: **DC** | Zip: | **20016-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **04/03/2017** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | **04/10/2017** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: | |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant BUSINESS - JP MORGAN CHASE BANK

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D003-Defendant** | Name: | **JP MORGAN CHASE BANK** | Type: | **B-BUSINESS** |
| Index: | **C RICE KENNETH** | Alt Name: | | Hardship: **No** | JID: **JHR** |
| Address 1: | **C/O CT CORPORATION** | | Phone: | **(205) 000-0000** | |
| Address 2: | **2 N. JACKSON ST. STE. 605** | | | | |
| City: | **MONTGOMERY** | State: **AL** | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: | Race: | |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: **04/03/2017** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **04/07/2017** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 5 - Defendant BUSINESS - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D004-Defendant | Name: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.** | Type: | **B-BUSINESS** |
| Index: | **C RICE KENNETH** | Alt Name: | | Hardship: **No** | JID: **JHR** |
| Address 1: | **C/O CT CORPORATION** | | | Phone: **(205) 000-0000** | |
| Address 2: | **2 N. JACKSON ST. STE.605** | | | | |
| City: | **MONTGOMERY** | State: **AL** | | Zip: **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **04/03/2017** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **04/10/2017** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/3/2017 | 9:40 PM | ECOMP | COMPLAINT E-FILED. | LAY002 |
| 4/3/2017 | 9:40 PM | FILE | FILED THIS DATE: 04/03/2017          (AV01) | AJA |
| 4/3/2017 | 9:40 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 4/3/2017 | 9:40 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 4/3/2017 | 9:41 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 4/3/2017 | 9:41 PM | ASSJ | ASSIGNED TO JUDGE: JIM ROBERTS JR          (AV01) | AJA |
| 4/3/2017 | 9:41 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 4/3/2017 | 9:41 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 4/3/2017 | 9:41 PM | C001 | C001 PARTY ADDED: RICE KENNETH WAYNE          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | C001 | LISTED AS ATTORNEY FOR C001: LAY KENNETH JAMES | AJA |
| 4/3/2017 | 9:41 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D001 | D001 PARTY ADDED: SETERUS INC.          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D001 | CERTIFIED MAI ISSUED: 04/03/2017 TO D001   (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D002 | D002 PARTY ADDED: FEDERAL NATIONAL MORTGAGE ASSOCI | AJA |
| 4/3/2017 | 9:41 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D002 | CERTIFIED MAI ISSUED: 04/03/2017 TO D002   (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D003 | CERTIFIED MAI ISSUED: 04/03/2017 TO D003   (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D003 | D003 PARTY ADDED: JP MORGAN CHASE BANK          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D003 | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D004 | D004 PARTY ADDED: MORTGAGE ELECTRONIC REGISTRATION | AJA |
| 4/3/2017 | 9:41 PM | D004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE          (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D004 | CERTIFIED MAI ISSUED: 04/03/2017 TO D004   (AV02) | AJA |
| 4/3/2017 | 9:41 PM | D004 | D004 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/18/2017 | 4:10 PM | D002 | SERVICE OF CERTIFIED MAI ON 04/10/2017 FOR D002 | KAS |
| 4/18/2017 | 4:10 PM | ESERC | SERVICE RETURN | KAS |
| 4/18/2017 | 4:11 PM | ESERC | SERVICE RETURN | KAS |
| 4/18/2017 | 4:12 PM | D004 | SERVICE OF CERTIFIED MAI ON 04/10/2017 FOR D004 | KAS |
| 4/18/2017 | 4:13 PM | D001 | SERVICE OF CERTIFIED MAI ON 04/07/2017 FOR D001 | KAS |
| 4/18/2017 | 4:13 PM | ESERC | SERVICE RETURN | KAS |
| 4/18/2017 | 4:14 PM | D003 | SERVICE OF CERTIFIED MAI ON 04/07/2017 FOR D003 | KAS |

| 4/18/2017 | 4:14 PM | ESERC | SERVICE RETURN | | | KAS |
| 4/19/2017 | 3:22 PM | ESCAN | SCAN - FILED 4/19/2017 - SUMMONS ISSUED | | | |

Case 7:17-cv-00732-RDP   Document 1-1   Filed 05/05/17   Page 7 of 53

**END OF THE REPORT**

ELECTRONICALLY FILED
5/3/2017 9:40 PM
63-CV-2017-900409.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>63<br><br>Date of Filing:<br>04/03/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE v. SETERUS INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

LAY002          4/3/2017 9:40:17 PM          /s/ KENNETH JAMES LAY

_____          Date          Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**      ☐ YES  ☐ NO  ☑ UNDECIDED


ELECTRONICALLY FILED
5/5/2017 9:40 PM
63-CV-2017-900409.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY ALABAMA

| | | |
|---|---|---|
| **KENNETH WAYNE RICE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV-2017-** |
| | ) | |
| **SETERUS INC. ; FEDERAL** | ) | |
| **NATIONAL MORTGAGE** | ) | |
| **ASSOCIATION; JP MORGAN** | ) | |
| **CHASE BANK; MORTGAGE** | ) | |
| **ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS INC.;** | ) | |
| | ) | |
| **DEFENDANTS.** | | |

## COMPLAINT

Comes now, Kenneth Wayne Rice, by and through his attorney of record and files his complaint in accordance with the Alabama Rules of Civil Procedure as in support of said complaint states as follows:

## PARTIES

1.     The Defendant, JP Morgan Chase Bank, in this action is a foreign corporation doing business in Tuscaloosa County, Alabama, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Seterus Inc. in this action is a foreign corporation doing business in Tuscaloosa County, Alabama, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Defendant, Federal National Mortgage Association, commonly known as "Fannie Mae", is a United States government-sponsored enterprise (GSE) and, since 1968, a publicly traded company. Founded in 1938 during the Great Depression as part of the New Deal, the corporation's

1

purpose is to expand the secondary mortgage market by securitizing mortgages in the form of mortgage-backed securities (MBS), allowing lenders to reinvest their assets into more lending and in effect increasing the number of lenders in the mortgage market by reducing the reliance on locally based savings and loan associations (or "thrifts")  Its address is 3900 Wisconsin Avenue, NW Washington, DC 20016-2892. Fannie Mae is the purported owner of the loan at the present time.  The Defendant Mortgage Electronic Registration Systems, Inc. (MERS), is upon information and belief, a foreign corporation doing business by in Tuscaloosa County, Alabama at all times material to this complaint and is the business of managing mortgages and mortgage recordation.

2.     The Plaintiff, Kenneth Wayne Rice, in this action is an adult resident of Tuscaloosa County, Alabama, and is a "consumer" and/or a person affected by a violation of the FDCPA.

## JURISDICTION

3.     Jurisdiction is proper in this Court because the underlying action is based upon a contract executed in Tuscaloosa County, Alabama. The action is brought regarding an attempted foreclosure instituted in Tuscaloosa County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Defendants with respect to their servicing and attempted foreclosure on the loan in question.

## VENUE

4.     Venue is proper in this Court as the Plaintiff is a citizen of Tuscaloosa County, all or substantially all of the wrongs complained of occurred in this county, and the property is situated in this county.

## STATEMENT OF FACTS

5. Kenneth Wayne Rice bought the property located at 3813 East 2nd Avenue  Tuscaloosa Alabama 35405 on June 13, 2007.  On that same date, Rice received a loan with Mortgage America Inc., and executed a mortgage with MERS as nominee for lender Mortgage America Inc., and also signed a   promissory note with Mortgage America, Inc.  The Mortgage contract provides for an escrow account for the taxes and insurance.  The mortgagee is required to pay for the insurance and taxes from the escrow account.

6.   Rice currently resides at 3813 East 2nd Avenue, Tuscaloosa Alabama 35405.

7. Cenlar became Servicer of Rice's mortgage loan in 2008. Thereafter, Chase became the servicer of the loan on or about September 3, 2010. Thereafter it was transferred, sold or assigned to Seterus and then Federal National Mortgage Association.

8. The Law firm of Sirote & Permutt, P.C. handled the attempted foreclosure sale.

9. The Defendant purportedly began foreclosure proceedings on Plaintiff's property on November 1, 2016 despite knowing that the Plaintiff, Rice, claimed that the attempted foreclosure sale was wrongful and invalid, and that he was not in default as his account was current at the time of the acceleration.

10. The foreclosure sale date which included false information related to the alleged default on the indebtedness was published in the newspaper, The Tuscaloosa News, in November 2016, December 2016, January 2017, February 2017, and March 2017. Furthermore, said false and inaccurate information related to Rice's alleged default was reported to the national credit bureaus and Rice's credit and reputation were damaged as a result of the reporting of the foreclosure sale date and default which was invalid and wrongful.

11. Rice, upon information and belief, contends that the alleged Assignments of the note and mortgage are defective, void, or

otherwise unenforceable as to the security instrument in question in this case.

12.    Rice contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between Rice and the owners of the note and mortgage.  Furthermore, Rice alleges that he was not behind in his payments on the mortgage and that he was improperly defaulted and that the note was improperly accelerated.

13.    Rice contends that the foreclosing entity Seterus and Fannie Mae lacked standing or authority to initiate foreclosure proceedings on his property.

14.    Rice alleges that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

15.    Rice alleges that the actions of Defendants by improperly attempting foreclosure on his  property is a violation of law, wrongful and tortious and that the Defendant had no authority to foreclose on his home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.

16.     As a direct result of the acts complained of Rice has suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

## COUNT ONE
## NEGLIGENCE
### (Defendants)

25.    The Plaintiff re-alleges all prior paragraphs as if set out here in full.

26.    Defendant negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused his property insurance to be canceled, negligently defaulted the Plaintiff,  negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others (including the national credit

bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of Plaintiff's loan account and failing to remove the adverse reporting from Plaintiff's credit once he disputed the same.

27.   As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

28.   As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO
## WANTONNESS
### (Defendants)

29.   The Plaintiff re-alleges all prior paragraphs as if set out here in full.

30.   The Defendant acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiff, caused his property insurance to be canceled, defaulted the Defendant, attempted to conduct a foreclosure sale on Plaintiff' property, failed to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of Rice's loan account and failing to remove the adverse reporting from Rice's credit once he disputed the same.

31.   These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendant.

32.    The Defendant knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

33.    As a proximate result of the Defendant's wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

34.    As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.


**COUNT THREE
UNJUST ENRICHMENT
(Defendants)**

35.    The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

36.    The actions of the Defendant in attempting foreclosure on the home of the Plaintiff in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

37.    As a result of the Defendant's unjust enrichment, the Plaintiff has been   injured and damaged in that the Plaintiff has been forced to pay charges that  were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendant.

38.    The Plaintiff claim all damages allowable under law as a result of the Defendant's wrongful conduct and unjust enrichment.

6

## COUNT FOUR
## WRONGFUL FORECLOSURE
### (Defendants)

39.   The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40.   Defendant wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff in violation of law.

41.   The attempted foreclosure proceeding by the Defendant was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as the plaintiff was current on the debt at the time of the default and acceleration.

42.   As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
## SLANDER OF TITLE
### (Defendants)

43.   The Plaintiff re-alleges all paragraphs as if set out here in full.

44.   Defendant, in attempting foreclosure has caused a cloud to be placed on the title of the property of the Plaintiff.

45.   As the proximate cause of the Defendant's said slandering of the Plaintiff's title, he was caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SIX
## BREACH OF CONTRACT
### (Defendants)

46.   The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

47.    The Plaintiff and his Lender entered into the standard Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

48.    The Defendants serviced the loan and breached the agreement by failing to comply with essential terms in paragraph 2 regarding the application of payment and the notice requirements of paragraph 22 of the agreement.

49.    As a result of the defendant's breach of the mortgage contract, the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

50.    That paragraph 2 of the terms of the agreement entered into between Plaintiff and Mortgage America, Inc. detail the application of payments.  That, as more fully described above, Chase and Seterus failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note and mortgage.   More specifically, Chase and Seterus never applied some payments at all to Rice's account even though Rice sent in the payment and it was deposited by Chase and Seterus.  Apparently, Chase and Seterus have misplaced or are unable to account for the funds from payments made or sent by Rice.  Moreover, numerous other payments made by Rice were returned to him by Chase and Seterus without reason or without explanation.

51.    That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles Rice to damages.

52. In addition, Defendants failed to send proper notices to Rice as required by the mortgage contract. Even if Rice is in default, Defendants failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration.   The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security

Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument….

Accordingly, Defendants failed to comply with this provision of the mortgage contract and has therefore breached the contract.

53. Moreover, Paragraph 22 of the mortgage document gives the Plaintiff the right to bring an action to dispute the existence of a default and raise defenses thereto. Accordingly, the Plaintiff exercises his right pursuant to paragraph 22 of the mortgage document and hereby challenges the existence of a default on his mortgage indebtedness. As previously, discussed, the Plaintiff is not in default, has made payments every month as required by the mortgage and note and is not behind on his mortgage payments.

## COUNT SEVEN
## FRAUD
## (Defendants)

54. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

55. The Defendant misrepresented that the loan was in default. Further, the Defendant made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiff that was known to be false.

56. Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiff to act thereon and upon which the Plaintiffs did in fact act to his detriment.

57. Plaintiff justifiably relied upon said representations made by Defendant and as a result of said reliance proceeded with the

9

execution of the loan; at the time said representations were made the same were false and known by the Defendant to be false and/or were false and made by mistake with the intent for Plaintiff to rely thereon.

58.  As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendant, Plaintiff was proximately caused to suffer injury and damage.

## COUNT EIGHT
## PLACED IN A FALSE LIGHT
### (Defendants)

59.  Plaintiff adopts the above paragraphs as if fully set forth herein.

60.  In association with the servicing of the loan account Defendants held Rice up in a false light and made undesirable and negative character and credit reputation remarks on or about the Rice by either speaking or writing undesirable and negative character and reputation remarks about Rice which was offensive, untrue, and inaccurate, and which alleged Rice was behind on his debt serviced by Defendants, has a bad debt with Defendants.

61.  Defendants knew Rice was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Rice.  Defendants knew this at the times they were reporting such information.

62.  Defendants held Rice up in a false light and made undesirable and negative and credit reputation remarks on or about Rice in the national credit reporting media and to his homeowner insurance carrier. Defendants provided this false information to third parties.

63.  The conduct Defendants was objectionable to the Rice and to any reasonable person.  Defendants' action was willful, reckless, wanton and/or made with malice and resulted in Rice being unreasonably placed in a false light.

64. Due to Defendants' conduct, Rice was caused to have negative credit reports, denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, Rice Prays for Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT NINE

### DEFAMATION, LIBEL, SLANDER
### (Defendants)

65. Plaintiff adopts the above paragraphs as if fully set forth herein.

66. The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation. As previously stated, the Plaintiff was current on his mortgage account and has made payments each and every month. Accordingly, he was not in default. Despite Rice's account being current, Defendants published in the newspaper false information regarding his account being in default and false information regarding its right to conduct a foreclosure sale on Rice's property.

67. Said false and defamatory statements have harmed the reputation of Rice and/or deterred third persons from associating with the Rice.

68. The Defendant communicated to credit reporting agencies and/or other third parties, false information that Rice defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning Rice.

69. Defendants published such defamatory and libelous information in the Tuscaloosa News newspaper.

70.   Said communications were false in that Plaintiff was not indebted to the Defendant in the amount reported, and Plaintiff was not delinquent as reported by the Defendant, and Plaintiff is the legal and rightful owner of the mortgage note.

71.   At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

72.   As a result of the intentional communication to third parties of false information, Rice was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

73.   Said communications were oral and/or written.

74.   As a proximate consequence of Defendants' acts, Rice was caused to be injured and damaged.

75.   Defendants published such defamatory and libelous information. Defendants knew Rice was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Rice.  Defendants knew this at the times they were reporting such information.  Furthermore, Defendants published in the local newspaper in Tuscaloosa County Alabama the false information of the default on the loan in the foreclosure sale notice.  This foreclosure sale notice states that Rice's loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed Rice's reputation and character.  As a result, Rice suffered damages of his reputation which negatively affected his credit and his business causing monetary losses.

76.   Said communications were false in that Plaintiff were not indebted to the Defendant in the amount reported, Plaintiff was not delinquent as reported by the Defendant, and Defendant is not the legal and rightful owner of the mortgage note.

77.   At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

78.   As a result of the intentional communication to third parties of false information, Rice was caused to suffer injury to his reputation in the eyes of the community.

## COUNT TEN:
## VIOLATIONS OF TRUTH IN LENDING

79. Rice re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

80.   Defendants violated the Federal Truth in Lending Act.

81.   Rice institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendants for multiple violations of the Truth in Lending Act, 15 U.S.C. §1601et seq. , (hereinafter TILA),and Federal Reserve Board Regulation Z, 12 C.F.R. § 226,promulgated pursuant thereto.

82.   This complaint is solely for monetary damages pursuant to15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

83.   Defendants, is a covered by the Act as it regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

84.   Defendants did not provide a proper copy of the notices required by the Act to Rice.  The disclosure statement

issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z        in the following and other respects:  (a). By failing to provide    the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).  (b). By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).  (c). By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to the attorney fees and late fees, 15 U.S.C. § 1605(a), Regulation Z§ 226.4(a).

85. The regulations require that the notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following: The retention or acquisition of a security interest in the consumer's principal dwelling. The consumer's right to rescind, as described in paragraph (a)(1) of this section. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.  The effects of rescission, as described in paragraph (d) of this section.  The date the rescission period expires. (See Reg. Z §§ 226.15(b)(5) and 226.23(b).

86. By charging "attorney fees" and other "fees" not authorized by the mortgage contract, Defendants has made unauthorized charges and failed to disclose these charges in violation of the Act.  In this case, Defendants added fees to Rice's account in September 2011 which are referenced in the notice of default.  Moreover, once the account was turned over to the attorney for foreclosure in January 2013, additional fees were improperly added to the account.  Each time the sale was published in the newspaper up to and including December 2013, Defendants added additional and unauthorized fees to Rice's account balance.

87. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants

understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

88. That Defendants has been improperly amortizing the loan, and has failed to provide proper disclosures to Rice. Defendants failed to send proper monthly statements to Rice in violation of the Act.

89. By reason of the aforesaid violations of the Act and Regulation Z, Defendants  is liable to Rice in the amount of twice the finance charge, actual damages to be established at trial,  and attorney's fees and costs in accordance with 15 U.S.C. § 1640 for violations of Federal Truth in Lending Act.

## COUNT ELEVEN:
## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

90.   Rice re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

91.   Defendants violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Rice's Qualified Written Request (QWR).  Defendant violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Rice's Qualified Written Request (QWR) within in the time provided by federal law.

92.   Rice made a Qualified Written Request pursuant to RESPA to Defendants on December 4, 2015, January 15, 2016, February 25, 2016, May 8, 2016, and November 15, 2016, January 12, 2017, and February 5, 2017which was sent by first class mail.  It was signed for by Defendants acknowledging receipt of the QWR.  Defendants never acknowledged receipt of the QWR request and never responded to it.  Defendants' failure to acknowledge and respond to the QWR request is a violation of RESPA or the Dodd-Frank Act.  Because of said violations of said acts, Rice was damaged because he was not informed of the information regarding his loan.  Because the bank failed to give this information to Rice, he was not able to stop the foreclosure on his home.  Accordingly, Rice is entitled to damages

from Defendants. Plaintiff suffered damages by Defendants' failure to comply with the RESPA law because he was unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT TWELVE
## FAIR CREDIT REPORTING ACT

93.     Rice re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

94.     Rice disputed the account and false credit reporting. Defendants was inaccurately reporting that Rice was delinquent in his mortgage loan and in Default. Rice repeatedly contacted Defendants from September 2015 until February 2017 and informed Defendants regarding their INACCURATE REPORTING. Moreover, Rice contacted the credit national bureaus and informed them of the inaccurate information and disputed same. Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure.

95.     Despite receipt of the dispute, defendants failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to the consumer reporting agencies in violation of their duties as a furnisher of credit.

96.     According to the national consumer reporting agencies' reports the defendants falsely reported about plaintiff's disputed debt.

97.     Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable   investigation and by failing to supply accurate and truthful information.

98.     Rather, defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

99. Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiff.

100. Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

101. As a proximate result of the Defendants' fraudulent conduct the Plaintiff has been injured and damaged.

102. Defendants' violations and false credit reportings about plaintiff have been a substantial factor in causing credit denials and other damages.

103. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims   asserted herein including, but not limited to, out-of-pocket expenses, credit   denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of   incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

104. WHEREFORE PLAINTIFF, PRAYS that after all due proceedings be had   there  be judgment herein in favor of Plaintiff and against Defendants.  1) That there be Judgment in favor of Plaintiff and against Defendants, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and  time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit

report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers.

## COUNT THIRTEEN

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

105.   Rice re- incorporates by reference all of the above paragraphs of
this Complaint as though fully stated herein.

106.  The acts and omissions of counter-defendant as more specifically
stated in the facts constitutes numerous and multiple violations of
the FDCPA including, but not limited to, §1692e (2), §1692e (8),
and §1692f (1), with respect to Rice. As a result of counter
Defendants' violations of the FDCPA, the Rice are entitled to
actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory
damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §
1692k(a)(2)(A); and, reasonable attorney's fees and costs
pursuant to 15U.S.C. § 1692k(a)(3), from defendants.
Defendants is subject to the act because as previously stated, it
began servicing this loan while the Defendant was in a chapter 13
Bankruptcy.

107. Within the last 12 months, Defendants attempted to collect
amounts not owed under the mortgage contract.  Within the last
12months, Defendants  sought unjustified amounts, which would
include demanding any amounts not permitted under an applicable
contract or as provided under applicable law in violation of the Act
§1692f(1). Within the last 12 months, Defendants threatened legal
action that was either not permitted or not actually contemplated
in violation of the Act §1692 e.  Within the last 12 months,
Defendants communicated with third parties: revealing or
discussing the nature of debts with third parties in violation of the
Act §1692 c.  Defendants within the last 12 months, failed to
identify themselves and notify the Rice in every communication,
that the communication was from a debt collector in violation of
the Act §1692e(11).  Within the last 12 months Defendants falsely
stated the amount of the debt owed in violation of §1692e2a.

## COUNT FOURTEEN:
## CLAIM FOR DECLARATORY RELIEF

108.     Rice re-alleges and adopts the above paragraphs as if fully set forth  herein and also asserts the following:

109.     Defendants breached the contract with Rice by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application.  Defendants never sent Rice the required notices, mismanaged his escrow account and failed to properly apply his payments.  As a result Rice is entitled to the following declaratory relief:  (1) An Order declaring that he is not in default of his mortgage agreement and declaring the notice of default is null and void.  (2) An order declaring that Defendants have no right or authority to foreclose on Rice's property.  (3) An Order prohibiting Defendants from foreclosing on Rice's property.

**PLAINTIFF ( RICE) DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant (Defendants), he respectfully prays of the Court as follows:

a.     That the Plaintiff have and recover against the Defendants, a sum to be determined by this Court peers in the form of actual damages.

b.     That the Plaintiff have and recover against the Defendant Defendants  a sum to be determined by this Court in the form of compensatory and punitive damages.

c.     That Plaintiff, Rice, be awarded attorney fees and court cost.

d.     That the Plaintiff have such other and further and proper relief as the Court may deem just and proper:

19

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiff



AlaFile E-Notice

63-CV-2017-900409.00

To:  KENNETH JAMES LAY
     ken@whlfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following complaint was FILED on 4/3/2017 9:40:57 PM

Notice Date:     4/3/2017 9:40:57 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900409.00

To:  SETERUS INC.
C/O CT CORPORATION
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following complaint was FILED on 4/3/2017 9:40:57 PM

Notice Date:     4/3/2017 9:40:57 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900409.00

To:  FEDERAL NATIONAL MORTGAGE ASSOCIATION
C/O TIMOTHY MAYOPOULOS
3900 WISCONSIN AVE NW
WASHINGTON, DC, 20016

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following complaint was FILED on 4/3/2017 9:40:57 PM

Notice Date:      4/3/2017 9:40:57 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900409.00

To:  JP MORGAN CHASE BANK
C/O CT CORPORATION
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following complaint was FILED on 4/3/2017 9:40:57 PM

Notice Date:      4/3/2017 9:40:57 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900409.00

To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
C/O CT CORPORATION
2 N. JACKSON ST. STE.605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following complaint was FILED on 4/3/2017 9:40:57 PM

Notice Date:     4/3/2017 9:40:57 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** SETERUS INC., C/O CT CORPORATION 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205                          .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KENNETH WAYNE RICE
*(Name(s))*
pursuant to the Alabama Rules of the Civil Procedure.

| 4/3/2017 9:40:57 PM | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ KENNETH JAMES LAY
_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                                          *(Name of County)*

Alabama on _____.
*(Date)*

_____        _____
*(Address of Server)*

_____        _____        _____
*(Type of Process Server)*        *(Server's Signature)*        *(Phone Number of Server)*

_____
*(Server's Printed Name)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
## KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** FEDERAL NATIONAL MORTGAGE ASSOCIATION, C/O TIMOTHY MAYOPOULOS 3900 WISCONSIN AVE NW, WASHINGTON, DC 20016

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KENNETH WAYNE RICE pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 4/3/2017 9:40:57 PM | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ KENNETH JAMES LAY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2016 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2017-900409.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:**  JP MORGAN CHASE BANK, C/O CT CORPORATION 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KENNETH WAYNE RICE pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 4/3/2017 9:40:57 PM | /s/ MAGARIA HAMNER BOBO | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ KENNETH JAMES LAY

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*          *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., C/O CT CORPORATION 2 N. JACKSON ST. STE.605, MONTGOMERY, AL 36104

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY
(Name(s) of Attorney(s))

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205
(Address(es) of Plaintiff(s) or Attorney(s))

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KENNETH WAYNE RICE
(Name(s))
pursuant to the Alabama Rules of the Civil Procedure.

| 4/3/2017 9:40:57 PM | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.       /s/ KENNETH JAMES LAY
(Plaintiff's/Attorney's Signature)

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
(Name of Person Served)                          (Name of County)

Alabama on _____.
(Date)

| (Type of Process Server) | (Server's Signature) | (Address of Server) |
|---|---|---|
|  | (Server's Printed Name) | (Phone Number of Server) |

CV-2017-900109

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal National Mortgage Association
C/o Timothy Mayopoulos
3900 Wisconsin Ave NW
Washington, DC 20016



9590 9402 1723 6074 0409 96

2. Article Number (Transfer from service label)

7016 0600 0001 0827 4239

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X [signature]   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☑ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #

United States
Postal Service

9590 9402 1723 6074 0409 96

* Sender: Please print your name, address, and ZIP+4® in this box*

CV-2017-900409

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE, ROOM 214
TUSCALOOSA, AL 35401-1868

2016 APR 18 AM 10: 21

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

63-CV-2017-900409.00

Judge: JAMES H. ROBERTS JR.

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following matter was served on 4/10/2017

**D002 FEDERAL NATIONAL MORTGAGE ASSOCIATION**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

CN-2017-900404

## COMPLETE THIS SECTION ON DELIVERY

**A.** Signature

X ☐ Agent
☐ Addressee

**B.** Received by *(Printed Name)*

**C.** Date of Delivery

**D.** Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**3.** Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1.** Article Addressed to:

Mortgage Electronic Registration
Systems, Inc.
C/o CT Corporation
2 N. Jackson St. STE. 605
Montgomery, AL 36104



9590 9402 1723 6074 0409 72

**2.** Article Number *(Transfer from service label)*

7016 0600 0001 0827 4307

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

1-089595

United States
Postal Service

9590 9402 1723 6074 0409 72

USPS TRACKING #

• Sender: Please print your name, address, and ZIP+4® in this box•

CV-2017-900109    SWJN.

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

MAGARIA H. BOBO
CIRCUIT CLERK
TUSCALOOSA COUNTY

2017 APR 19 AM 10: 28

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



**AlaFile E-Notice**

63-CV-2017-900409.00

Judge: JAMES H. ROBERTS JR.

To:  LAY KENNETH JAMES
ken@whlfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following matter was served on 4/10/2017

**D004 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

CV-2017-900409

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Seterus Inc.
C/o CT Corporation
2 N. Jackson St. Ste. 605
Montgomery, AL 36104



9590 9402 1723 6074 0410 16

2. Article Number (Transfer from service label)

7016 0600 0001 0827 4321

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X  Donna Payne                               ☐ Agent
                                            ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

   Donna Payne                            4-21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

United States
Postal Service

USPS TRACKING #

9590 9402 1723 6074 0410 16

* Sender: Please print your name, address and ZIP in this box*

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 114
TUSCALOOSA, AL 35401

CV-2017-900404

SWM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

63-CV-2017-900409.00

Judge: JAMES H. ROBERTS JR.

To:  LAY KENNETH JAMES
     ken@whlfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following matter was served on 4/7/2017

**D001 SETERUS INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

CV-2011-900109

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JP Morgan Chase Bank
c/o CT Corporation
2 N. Jackson St STE. 605
Montgomery, AL 36104



9590 9402 1723 6074 0409 89

2. Article Number (Transfer from service label)

7016 0600 0001 0827 4246

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Laura Payne_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

United States
Postal Service

USPS TRACKING #

9590 9402 3723 6074 0409 89

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE RM 214
TUSCALOOSA, AL 35401

CV-2017-900409



AlaFile E-Notice

63-CV-2017-900409.00

Judge: JAMES H. ROBERTS JR.

To:  LAY KENNETH JAMES
     ken@whlfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. SETERUS INC. ET AL
63-CV-2017-900409.00

The following matter was served on 4/7/2017

**D003 JP MORGAN CHASE BANK**
**Corresponding To**
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

Original

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2017-900409.00 |

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**KENNETH WAYNE RICE V. SETERUS INC. ET AL**

**NOTICE TO:** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., C/O CT CORPORATION 2 N. JACKSON ST. STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENNETH JAMES LAY

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117 South 22nd Street, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF** ... ...LES OF CIVIL

☐ You are hereby commande... ...er document in
this action upon the above-...

☑ Service by certified mail of ... ...ETH WAYNE RICE
pursuant to the Alabama R... *(Name(s))*

4/3/2017 9:40:57 PM ... By: _____
*(Date)* *(Name)*

☑ Certified Mail is hereby requ... _____

☐ Return receipt of certified m... _____

☐ I certify that I personally de... ...cument to _____
_____ County,

*(Name of Person Served)*

Alabama on _____ .
*(Date)*

_____ _____ _____
*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

_____ _____
*(Server's Printed Name)* *(Phone Number of Server)*

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____        Postmark
☐ Certified Mail Restricted Delivery $ _____         Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$ 7.92
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**63-CV-2017-900409.00**
KENNETH WAYNE RICE V. SETERUS INC. ET AL

| C001 - KENNETH WAYNE RICE | v. | D004 - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. |
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**

*ORIGINAL*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
## KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** JP MORGAN CHASE BANK, C/O CT CORPORATION 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENNETH JAMES LAY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1117 South 22nd Street, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN ... ONS AND COMPLAINT OR
OTHER DOCUMENT WERE SE ... DERED AGAINST YOU FOR
THE MONEY OR OTHER THING ...

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____      Postmark
☐ Certified Mail Restricted Delivery $ _____        Here
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

**Total Postage and Fees**
$ 7.42

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

**TO ANY SHERIFF** ... JLES OF CIVIL

☐ You are hereby commande ... her document in
this action upon the above-...

☑ Service by certified mail of ... IETH WAYNE RICE
pursuant to the Alabama R ... *[Name(s)]*
4/3/2017 9:40:57 PM ... _By: _____
*(Date)* ... *(Name)*

☑ Certified Mail is hereby req ...

☐ Return receipt of certified m ...

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)* ... *(Name of County)*

Alabama on _____
*(Date)*

_____
*(Address of Server)*

_____
*(Type of Process Server)*          *(Server's Signature)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

### 63-CV-2017-900409.00
KENNETH WAYNE RICE V. SETERUS INC. ET AL

C001 - KENNETH WAYNE RICE          **v.**          D003 - JP MORGAN CHASE BANK
*(Plaintiff)* ... *(Defendant)*



# SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
|---|---|---|

*original*

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** FEDERAL NATIONAL MORTGAGE ASSOCIATION, C/O TIMOTHY MAYOPOULOS 3900 WISCONSIN AVE NW, WASHINGTON, DC 20016

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS

| **TO ANY SHERIFF O** | | **ES OF CIVIL** |
|---|---|---|

☐ You are hereby commanded  
   this action upon the above-na

☑ Service by certified mail of thi  
   pursuant to the Alabama Rule  

   4/3/2017 9:40:57 PM  
   *(Date)*

☑ Certified Mail is hereby reque

☐ Return receipt of certified mai

☐ I certify that I personally deliv

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)  $ _____
☐ Return Receipt (electronic)  $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required  $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$ 7.92

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

**TH WAYNE RICE**
*[Name(s)]*

ly:
*(Name)*

nent to

in _____ County,

*(Name of Person Served)*  *(Name of County)*

Alabama on _____

*(Date)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Address of Server)*

_____
*(Server's Printed Name)*

_____
*(Phone Number of Server)*

### 63-CV-2017-900409.00
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

C001 - KENNETH WAYNE RICE   v.   D002 - FEDERAL NATIONAL MORTGAGE ASSOCIATION
*(Plaintiff)*                                        *(Defendant)*



**SERVICE RETURN COPY**

original

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2017-900409.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE V. SETERUS INC. ET AL

**NOTICE TO:** SETERUS INC., C/O CT CORPORATION 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENNETH JAMES LAY

WHOSE ADDRESS(ES) IS/ARE: 1

THE ANSWER MUST BE MAILE... ...NS AND COMPLAINT OR
OTHER DOCUMENT WERE SERV... ...RED AGAINST YOU FOR
THE MONEY OR OTHER THINGS...

**TO ANY SHERIFF O...** ...ES OF CIVIL

☐ You are hereby commanded ... ...r document in
   this action upon the above-na...

☑ Service by certified mail of thi... ...TH WAYNE RICE
   pursuant to the Alabama Rul... *[Name(s)]*
   4/3/2017 9:40:57 PM ...ly:
   *(Date)* *(Name)*

☑ Certified Mail is hereby reque...

---

*[U.S. Postal Service Certified Mail Receipt form overlay]*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)     $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required      $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$ 7.92
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark
Here

PS Form **3800**, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
   *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
   _____ in _____ County,
   *(Name of Person Served)* *(Name of County)*

Alabama on _____ .
   *(Date)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Server's Printed Name)*

_____
*(Address of Server)*

_____
*(Phone Number of Server)*

### 63-CV-2017-900409.00
KENNETH WAYNE RICE V. SETERUS INC. ET AL

| C001 - KENNETH WAYNE RICE | v. | D001 - SETERUS INC. |
| --- | --- | --- |
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY