UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KENNETH WAYNE RICE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:17-cv-00732-RDP |
| } | |
| SETERUS, INC., et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on its Show Cause Order (Doc. # 53), which it issued after the Eleventh Circuit published an opinion in *Jackson v. Bank of America, N.A.*, No. 16-16685, 2018 WL 3673002 (11th Cir. Aug. 3, 2018). The parties have fully briefed the issue presented in the Show Cause Order (*see* Docs. # 54-57), and it is ripe for review. After careful review, and for the reasons explained below, the court concludes that this case is due to be dismissed with prejudice because Plaintiff failed to remedy the shotgun pleading deficiencies identified in the initial Complaint when he filed an Amended Complaint.

**I.     Procedural History**

Defendant JPMorgan Chase Bank removed Plaintiff's complaint from state court to this court. (Doc. # 1). All Defendants then moved for a more definite statement. (Docs. # 6-7). The court granted Defendants' Motions for More Definite Statement. (Doc. # 8). In doing so, the court notified Plaintiff that his Complaint (1) asserted each and every cause of action against all Defendants collectively and (2) often failed to raise individualized factual allegations against any particular Defendant. (*Id.* at 2). The court also quoted Eleventh Circuit law defining a shotgun

complaint to include those complaints that incorporate every antecedent allegation by reference into each subsequent claim for relief. (*Id.* at 1) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). The court instructed Plaintiff to remedy the shotgun pleading deficiencies discussed in the Order, plead specific and particularized factual allegations relevant to each specific Defendant, set forth each claim separately, and specify which Defendant(s) were being sued in each count. (*Id.* at 2-3).

Plaintiff subsequently filed an Amended Complaint under seal. (Doc. # 22). His Amended Complaint states which Defendants each claim is brought against in the caption of each claim.[1] (*Id.* at 13-16, 20-22, 24, 26, 28, 31, 37). But, it often fails to specify which Defendant committed the unlawful act alleged in a particular count. (*See, e.g.*, *id.* at ¶¶ 51, 86, 88, 95). And, each count adopts and re-alleges the allegations in all prior counts. (*See, e.g.*, *id.* at ¶¶ 50, 61, 85, 128, 144).

In an attempt to address the merits of this case, Defendants filed Motions to Dismiss the Amended Complaint. (Docs. # 30, 33). In response to those motions, the court addressed Defendants' arguments for dismissal and waded through Plaintiff's Amended Complaint, dismissing most of Plaintiff's claims while allowing a few to proceed to discovery. (Docs. # 46, 47).

**II.    Analysis**

The Eleventh Circuit has identified four types of shotgun pleadings that violate either Federal Rule of Civil Procedure 8(a)(2) or 10(b):

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a

---

[1] Because the Amended Complaint is under seal, this Memorandum Opinion does not discuss the factual allegations contained in the Amended Complaint. Rather, the Amended Complaint discusses features of the Amended Complaint that make it a shotgun complaint.

2

> combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted). District courts have the authority to dismiss complaints on shotgun pleading grounds as part of their inherent authority to control their dockets and ensure the prompt resolution of lawsuits. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). But, a court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds. *Id.* "Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" *Jackson*, 2018 WL 3673002, at *6 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).

In *Jackson*, the Eleventh Circuit affirmed the district court's dismissal of an action with prejudice, but it relied on shotgun pleading deficiencies in the amended complaint to affirm the district court's dismissal on the merits. *Id.* at *6-7. There, the defendants removed the action from state court to federal district court and moved for a more definite statement due to shotgun pleading deficiencies. *Id.* at *6. The district court granted the defendants' motion and directed

3

the plaintiff -- represented by the same counsel as Plaintiff here -- to file a proper complaint. *Id.* The plaintiff then filed "an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each Defendant." *Id.* at *7. Under these circumstances, the Eleventh Circuit concluded that "[t]he District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible." *Id.*

This case is on all fours with *Jackson*. Defendants removed this action from state court and moved for a more definite statement due to identified shotgun pleading deficiencies. (*See* Docs. # 1, 6-7). The court granted Defendants' motion, identified two specific shotgun pleading problems apparent throughout the Complaint, and provided instructions for amending the complaint. (Doc. # 8). Plaintiff halfheartedly complied with some, but not all, of those instructions. Although he specified which Defendants each count was being brought against, many of his surviving claims fail to allege which Defendant(s) are responsible for each particular act of misconduct.[2] Additionally, each of the fourteen counts in Plaintiff's Amended Complaint incorporate all prior allegations by reference, even though the court's earlier-issued Order explained that such allegations create a shotgun complaint. (Doc. # 8 at 1). For the reasons explained in *Jackson*, Plaintiff's Amended Complaint should have been dismissed with prejudice because it essentially is incomprehensible. *Jackson*, 2018 WL 3673002, at *7.

Plaintiff argues that this case should not be dismissed because (1) the Eleventh Circuit's mandate has not issued in *Jackson*, (2) *Jackson* should not be applied retroactively, (3) the case is set for mediation, and (4) the court has clarified the claims at issue by ruling on Defendants'

---

[2] The court recognizes that Count Thirteen adequately identifies the Defendant responsible for the allegedly unlawful conduct. And, some of the allegations in Count Six specify which Defendant committed particular conduct that Plaintiff alleges breached contractual obligations. But, Plaintiff's identification of the responsible Defendants for those claims does not excuse the deficiencies in his other claims.

4

Motions to Dismiss. (Doc. # 55 at 4-5). The court is not convinced. First, the issuance of the mandate does not affect the precedential authority of the *Jackson* opinion. *Martin v. Singletary*, 965 F.2d 944, 945 n. 1 (11th Cir. 1992) (explaining that a stay of a mandate "merely delays the return of jurisdiction to the district court" and does not affect the duty of courts to apply a precedential opinion as binding authority). Second, the court discerns no retroactivity concern here because *Jackson* did not create a new "shotgun pleading" rule. Rather, the Eleventh Circuit applied well-established shotgun pleading standards and concluded that the district court should have exercised its discretion to dismiss the *Jackson* action with prejudice, given the plaintiff's failure to submit a proper amended complaint. Third, although the court's motion-to-dismiss opinion provided some clarity in this matter, Defendants still are faced with a shotgun pleading. If Defendants chose to not settle this case and proceed to summary judgment, they would be required to liberally construe Plaintiff's counts to determine which allegations support each of the pending claims. In light of the Eleventh Circuit's binding authority in *Jackson*, the court declines to exercise any discretion it may have to allow this case to proceed further.

## III. Conclusion

For the reasons explained above, this case is due to be dismissed with prejudice for Plaintiff's failure to file an Amended Complaint that complies with Rule 8(a)(2), Rule 10(b), and the court's May 31, 2017 Order to replead the complaint. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 24, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE